Baldwin, J.
delivered the opinion of the Court.
The single bill upon which this action is brought, is a simple and absolute obligation for a sum certain, and the mention which it makes of its consideration, to wit, “ the hire of a negro man,” “to work at boat business,” attaches no condition whatever to the payment of the *397 money. It is the language of the obligors, assented to by the obligee, but is no covenant or agreement on the part of either. The single bill is in no wise the contract of hiring, but a contract for the payment of the hire that had been agreed upon : And if the obligors relied upon the contract of hiring as furnishing them with an equitable defence, they were bound to set it forth according to its terms or its legal effect, and to allege distinctly any fraud or warranty in regard to it, upon which they founded their defence ; and neither a fraud, nor a warranty, could be properly left by the plea to conjecture or inference.
The law attaches no warranty of fitness or suitableness, or even soundness, to the hiring of a slave. There may be an express warranty of soundness or qualities, and there may be cases in which an implied warranty arises from circumstances; but in either case the warranty must be stated, and the breach of it alleged in the pleading. So there may be a fraud in the contract of hiring, by a wilful representation of a falsehood, or suppression of the truth; but the fraud must be averred and specified. And it is of the essence of the fraud, that the other party was deceived by the misrepresentation or concealment.
The special plea in this case alleges no fraud, and none can be inferred from the unfitness or unsuitableness of the slave for the purpose for which he was hired, and a knowledge of such unfitness or unsuitableness on the part of the owner; and that was a subject for enquiry and judgment on the part of the bailee, and he has no ground of complaint unless he was deceived by the bailor, not as to matter of opinion, but as to matter of fact. Nor does the plea allege any warranty of soundness or quality. Even an express warranty of fitness or suitableness, though it might be understood to cover essential physical or mental defects, yet it would not extend to the absence of moral qualities, or of experience in the particular business, unless specified.
*398 And for aught that appears from the plea, the hirer acted upon his own knowledge or judgment of the fitness or suitableness of the slave, and introduced into the single bill the purpose for which he was hired, in or¿er in¿icate that he had the privilege of employing him in a service of more than ordinary exposure and peril. It was a privilege, however, that he was not bound to exercise : he was at liberty to employ him in any other proper service; and the inference from the silence of the plea is that he did so employ him.
The special plea offered was therefore not merely shapeless in form, but also worthless and unmeaning in substance; and was properly rejected by the Hustings court.
Judgment of the Circuit court, affirming that of the Hustings court, affirmed, with costs to the defendant in error.
Judgment affirmed.